1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| VICTOR HENDERSON,<br><br>                    Petitioner,<br><br>         v.<br><br>UNKNOWN,<br><br>                  Respondent. | Civil No.     10-2180 WQH (CAB)<br><br>**ORDER:**<br><br>**(1)  DENYING IN FORMA PAUPERIS APPLICATION;**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND; and**<br><br>**(3) NOTIFYING PETITIONER OF FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES AND PROVIDING OPTIONS** |

21

     Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has

22

filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request

23

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

24

**REQUEST TO PROCEED IN FORMA PAUPERIS**

25

     The request to proceed in forma pauperis is denied because Petitioner has not provided

26

the Court with sufficient information to determine Petitioner's financial status.  A request to

27

proceed in forma pauperis made by a state prisoner must include a certificate from the warden

28

or other appropriate officer showing the amount of money or securities Petitioner has on account

in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.  Petitioner has failed to provide the Court with the required signed Prison Certificate.  (The proper Southern District in forma pauperis form, which includes the required Prison Certificate, is attached for Petitioner's convenience.)

## FAILURE TO NAME A PROPER RESPONDENT

Further, review of the Petition reveals that Petitioner has failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner."  *Ortiz-Sandoval,* 81 F.3d at 895.

Here, Petitioner has failed to name a  Respondent.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department

of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

**FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims that it was improper to "bring up a case that happen[ed] 10 years ago;" that he is innocent of the crime; that the victim had "mental issues;" he was improperly denied a expert to testify about the victim's injuries. *See* Pet. at 6-9. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

**FAILURE TO ALLEGE EXHAUSTION AS TO ALL CLAIMS**

Further, Petitioner has not alleged exhaustion as to claims two and three. (*See* Pet. at 8-9.) Having preliminarily determined the petition contains unexhausted claims, the Court notifies Petitioner of the possible dismissal of his petition.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6

1   (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court,

2   either on direct appeal or through state collateral proceedings.[1]  *See Sandgathe v. Maass*, 314

3   F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the federal proceedings must

4   be the <u>same</u> as that raised in the state proceedings.  *See id.*  Here, claim three, that the victim

5   suffered from "mental issues," and claim four, that he should have been permitted to present

6   expert testimony at trial, appear to be unexhausted.  (*See* Pet. at 8-9.)

7   **PETITIONER'S OPTIONS**

8         If Petitioner wishes to pursue this case, he must choose one of the following options.

9         **i)  First Option:  Demonstrate Exhaustion**

10        Petitioner may file further papers with this Court to demonstrate that he has in fact

11  exhausted the claims the Court has determined are likely unexhausted.  If Petitioner chooses this

12  option, his papers are due no later than **December 15, 2010**.

13        **ii)  Second Option:  Voluntarily Dismiss the Petition**

14        Petitioner may move to voluntarily dismiss his entire federal petition and return to state

15  court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition

16  containing only exhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (stating that

17  a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to

18  exhaust his claims").  If Petitioner chooses this second option, he must file a pleading with this

19  Court no later than **December 15, 2010.**

20        Petitioner is cautioned that any new federal petition must be filed before expiration of the

21  one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction

22  became final to file his federal petition, unless he can show that statutory or equitable "tolling"

23

24

25        [1]  28 U.S.C. § 2254 (b)(1)-(2) states:
26        (b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
                (A) the applicant has exhausted the remedies available in the courts of the State; or
27              (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
28          (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2]  The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993.  However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending.  *Duncan,* 533 U.S. at 181-82.

### iii) Third Option:  Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones.  *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").  If Petitioner chooses this third option, he must file a pleading with this Court no later than **December 15, 2010**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court.  *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000)

---

[2]  28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

1   (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders

2   any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[3]

3         **iv) Fourth Option: File a Motion to Stay the Federal Proceedings**

4         Petitioner may file a motion to stay this federal proceeding while he returns to state court

5   to exhaust his unexhausted claims.  There are two methods available to Petitioner, the "stay and

6   abeyance" procedure and the "withdrawal and abeyance" procedure.

7         If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to

8   stay his mixed petition while he returns to state court to exhaust.  Under this procedure he must

9   demonstrate there are arguably meritorious claims which he wishes to return to state court to

10  exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and

11  that good cause exists for his failure to timely exhaust his state court remedies.  *Rhines v.*

12  *Webber*, 544 U.S. 269, 277-78 (2005).

13        If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily

14  withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the

15  fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek

16  permission to amend his petition to include the newly exhausted claim(s) after exhaustion is

17  complete.  *King v. Ryan*, 564 F.3d 1133, 1141-42 (9th Cir. 2009).  Although under this

18  procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust,

19  the newly exhausted claim(s) must be either timely under the statute of limitations or "relate

20  back" to the claim(s) in the fully-exhausted petition, that is, they must share a "common core of

21  operative facts" with the previously exhausted claim(s).  *Id.* at 1142-43, quoting *Mayle v. Felix*,

22  545 U.S. 644. 659 (2005).

---

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1  If Petitioner chooses this fourth option, he must file a pleading with this Court no later

2  than **December 15, 2010.**

3  **CONCLUSION**

4  For all the foregoing reasons , the Court **DENIES** the application to proceed in forma

5  pauperis, **DISMISSES** this case without prejudice and with leave to amend and notifies

6  Petitioner that he has filed a petition that contains both exhausted and unexhausted claims.  In

7  order to proceed with this case, Petitioner must, no later than **December 15, 2010**: (1) pay the

8  filing fee or provide adequate proof of his inability to pay;  (2) file a First Amended Petition that

9  cures the pleading deficiencies outlined in this Order; **AND/OR** (3) choose one of the options

10  outlined above.  If Petitioner fails to respond to this Order, the case will remained dismissed

11  without prejudice.[4] *See Rose*, 455 U.S. at 522.  *For Petitioner's convenience, the Clerk of Court*

12  *shall attach to this Order a blank in forma pauperis application and a blank First Amended*

13  *Petition form.*

14  **IT IS SO ORDERED.**

15

16  DATED:  November 2, 2010

17  **WILLIAM Q. HAYES**
United States District Judge

18
19
20
21
22
23
24
25
26
27
28

---

[4]   Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)-(2); *see also* footnote two of this Order.