FILED

11 JAN 19 AM 9: 39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HENDERSON,<br><br>                      Petitioner,<br><br>v.<br><br>FRANK X. CHAVEZ,<br><br>                      Respondent. | Civil No.   10-2180 WQH (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DENYING MOTION TO DISMISS FEDERAL PETITION,**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE and**<br><br>**(3) NOTIFYING PETITIONER OF FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES AND PROVIDING OPTIONS** |

      On October 18, 2010, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). (Doc. Nos. 1, 2.) By Order dated November 2, 2010, the Court denied Petitioner's request to proceed in forma pauperis and dismissed the petition for his failure to name a proper respondent, state a cognizable federal claim and allege exhaustion of state court remedies as to all claims. (*See* Order dated November 2, 2010 [doc. no. 5].)

1  Petitioner was advised that, to proceed with the case, he must either pay the $5 filing fee or
2  submit adequate proof of his inability to pay the fee, file a First Amended Petition which cured
3  the pleading deficiencies noted in the Court's Order, and/or choose one of the options outlined
4  regarding his unexhausted claims no later than December 15, 2010. On December 23, 2010,
5  Petitioner filed a First Amended Petition and Prisoner Trust Fund Account Statement. (Doc. Nos.
6  7, 8.) On January 3, 2010, Petitioner filed a Notice of Voluntary Dismissal of his federal
7  petition. (Doc. No. 9.)

## REQUEST TO PROCEED IN FORMA PAUPERIS

9  The Court construes Petitioner's Prison Trust Fund Account Statement as a request to
10 proceed in forma pauperis. Petitioner has $0.00 on account at the California correctional
11 institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus,
12 the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner
13 to prosecute the above-referenced action as a poor person without being required to prepay fees
14 or costs and without being required to post security. The Clerk of the Court shall file the Petition
15 for Writ of Habeas Corpus without prepayment of the filing fee.

## VOLUNTARY DISMISSAL OF FEDERAL PETITION

17 In his original Petition, Petitioner raised four grounds: (1) it was improper to "bring up
18 a case that happen[ed] 10 years ago;" (2) he is innocent of the crime; (3) the victim had "mental
19 issues;" and (4) he was improperly denied an expert to testify about the victim's injuries. (Pet.
20 at 6-9.) In its November 2, 2010, Order, the Court advised Petitioner that he had failed to allege
21 exhaustion as to claims three and four and gave Petitioner options as to how to proceed,
22 including the option to dismiss all his federal claims. (*See* Order dated November 2, 2010 [doc.
23 no. 5].) On December 23, 2010, Petitioner filed a First Amended Petition which raises two
24 claims: (1) that the State brought up issues that happened over ten years ago, and (2) that his
25 original lawyer did not investigate the mental stability of the victim. (First Amended Petition.
26 "FAP" at 4.)
27 //
28

On January 3, 2010, Petitioner submitted a request to voluntarily dismiss his federal petition. Because Petitioner filed the request to voluntarily dismiss his petition after he filed his First Amended Petition, it is unclear whether Petitioner wishes to dismiss his original Petition or his First Amended Petition. Therefore, the Court **DENIES** without prejudice Petitioner's request for voluntary dismissal.

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Upon review of the First Amended Petition, the Court finds that Petitioner has again failed to allege that his state court conviction or sentence violates the Constitution of the United States, in accordance with Rule 4 of the rules governing § 2254 cases,.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

In his First Amended Petition, Petitioner claims that "the state brought up issues that happen[sic] over 10 yrs ago," and that counsel failed to investigate the victim's "mental issues". *(See* FAP at 3-4.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

//
//
//

# FAILURE TO ALLEGE EXHAUSTION AS TO ALL CLAIMS

In addition, Petitioner has not alleged exhaustion as to all the claims contained in his First Amended Petition. (*See* Pet. at 5.) Having preliminarily determined the petition contains unexhausted claims, the Court notifies Petitioner of the possible dismissal of his petition.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the <u>same</u> as that raised in the state proceedings. *See id.* Here, claim two, that his lawyer failed to investigate the mental stability of the victim, appears to be unexhausted. (*See* FAP at 4.)

## PETITIONER'S OPTIONS

If Petitioner wishes to pursue this case, he must choose one of the following options.

### i) First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claim the Court has determined is likely unexhausted. If Petitioner chooses this option, his papers are due no later than **February 21, 2011.** Respondent may file a reply by **March 7, 2011.**

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (stating that

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

1  a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to
2  exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this
3  Court no later than **February 21, 2011**. Respondent may file a reply by **March 7, 2011.**
4        Petitioner is cautioned that any new federal petition must be filed before expiration of the
5  one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction
6  became final to file his federal petition, unless he can show that statutory or equitable "tolling"
7  applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] The statute of
8  limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C.
9  § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*,
10  531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and
11  acceptance [by the appropriate court officer for placement into the record] are in compliance
12  with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149
13  (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately
14  dismissed as untimely was neither "properly filed" nor "pending" while it was under
15  consideration by the state court, and therefore does not toll the statute of limitations), *as*
16  *amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations
17  continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.
18  //
19  //
20
21     [2] 28 U.S.C. § 2244 (d) provides:
22  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
23     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
24     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
25     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
26
27     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **February 21, 2011**. Respondent may file a reply by **March 7, 2011**.

Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the ability to ever raise it in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[3]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek

---

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

permission to amend his petition to include the newly exhausted claim after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133, 1141-42 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim must be either timely under the statute of limitations or "relate back" to the claim in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claim. *Id.* at 1142-43, quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005).

If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **February 21, 2011**. Respondent may file a reply by **March 7, 2011.**

## CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Petitioner's request to proceed in forma pauperis, **DENIES** the request for voluntary dismissal of the federal petition, and **DISMISSES** the First Amended Petition without prejudice and with leave to amend. The Court further notifies Petitioner that he has filed a First Amended Petition that contains both exhausted and unexhausted claims. In order to proceed with this case, Petitioner must, no later than **February 21, 2011**: file a Second Amended Petition that cures the pleading deficiencies outlined in this Order; **AND/OR** choose one of the options outlined above. If Petitioner fails to respond to this Order, the case will remained dismissed without prejudice.[4] *See Rose*, 455 U.S. at 522. *For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank Second Amended Petition form.*

**IT IS SO ORDERED.**
DATED: 1/18/11

William Q. Hayes
United States District Judge

---

[4] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)-(2); *see also* footnote two of this Order.